[Civ. No. 16742.   Second Dist., Div. One.   Mar. 8, 1949.]

EUNICE A. LECKIE, Respondent, v. HENRY R. LOCKE et al., Appellants.

Martin Forrest for Appellants.

Donald H. Blanchard for Respondent.

DORAN, Acting P. J.—The present action sought to recover from the defendants, husband and wife, a total sum of $2,-401.24. The first cause of action was based upon the theory of a constructive trust; a second count was for money had and received. Defendants answered by way of a general denial. The trial court found in favor of the plaintiff in the amount of $1,000 and entered judgment accordingly.

It appears from the record that, at the age of 16 years, plaintiff left the Children's Baptist Home located at Inglewood, California, and for a period of some 16 months resided with a family by the name of Nix at Hermosa Beach. According to the testimony of Mrs. Nix, whose name had become Mrs. Bigger at the time of trial, plaintiff "was there as a child in the home"; attended school, "on occasions helped me with the housework," but was not working for pay or for a place to live. During this period plaintiff's sister Faye was living with the defendants' family and in October, 1943, plaintiff also took up residence at the Locke home. The defendants were not related to the plaintiff in any way. While with the defendants, plaintiff graduated from high school in 1944, and in the fall of that year secured outside employment, continuing to live at the defendants' home.

The definite arrangement as to plaintiff's residence with the defendants, and in reference to plaintiff's earnings, is a matter concerning which the evidence is in conflict. According to the defendants' testimony and the theory of appellants' brief, the plaintiff originally came to the Locke home "as one of the family"; defendants at all times stood *in loco parentis* to the plaintiff; any money earned by plaintiff and turned over to defendants merely went into a general family fund used for living expenses and the like, resulting in no liability to the plaintiff.

On the other hand, plaintiff testified that "when I started to begin to work I wanted definitely to go to school and that

was a definite understanding that as far as I am concerned that the money was to be saved for my schooling.'' There was also evidence that some 18 of plaintiff's wage checks were indorsed over to the defendant Elizabeth Locke, totaling $468.18; that other wage checks in the amount of $1,062.24 were indorsed and cashed by the plaintiff. Plaintiff testified to paying doctor bills and other personal expenses and to purchasing groceries and other necessaries for the family with proceeds of these checks; that the balance remaining was turned over to and retained by Mrs. Locke.

By way of deposition, plaintiff's sister Faye, who had also resided at the Locke home, testified, as stated in respondent's brief, that plaintiff ''was asked to leave defendants' home because she had refused to hand over her last pay check.'' Henry R. Locke admitted that ''when Alice (plaintiff) left there was a little over $300.00 left in the bank,'' but that this was not paid to plaintiff. There was also testimony by Doris (Nix) Bigger to the effect that defendants had stated ''they were helping her (plaintiff) save her money so that she might advance further in her art work.'' There was evidence, including Mrs. Bigger's testimony, that plaintiff performed various household duties in the defendants' home, and that ''she was usually working in the house'' when the witness visited there.

The trial court found that the relation of *loco parentis* did not exist ''after plaintiff's graduation from high school,'' or at any time; that after graduation plaintiff ''turned over to defendants approximately Fifteen Hundred ($1,500.00) Dollars with the agreement that plaintiff would pay for her clothes, dentist and doctor bills, and that plaintiff would continue to work nights, mornings and weekends in the home to pay for her room and board; that plaintiff spent for clothes, dentist and doctor bills approximately Five Hundred ($500.00) Dollars and that defendants are indebted to plaintiff in the sum of One Thousand ($1,000.00).''

It is appellants' contention that ''All the evidence conclusively shows that plaintiff came into the home of defendants . . . to live as a member of defendants' family like a daughter; that ''The evidence establishes the relationship of loco parentis between plaintiff and defendants. Hence the findings of the lower court are not supported by the evidence.'' It is further argued in appellants' brief that ''The findings of the court on a material issue (the *loco parentis* relation) are in irreconcilable conflict constituting reversible error'';

and that the findings in respect to the amount turned over to the defendants and the amount due plaintiff, are "not supported by any evidence nor allegations in plaintiff's first amended complaint." It is the theory of the appellants that since the defendants stood in the relation of *loco parentis* to plaintiff, defendants were entitled to Miss Leckie's earnings, and therefore that "the judgment for plaintiff is erroneous under the evidence and the law and should be reversed." The respondent's postion is that the record discloses substantial evidence to support the judgment and findings, and that in view of defendants' express agreement in reference to the use and saving of plaintiff's wages, plaintiff is entitled to recover the balance found to be due.

There is no merit in appellants' contentions. As hereinbefore indicated, the record presents conflicting evidence, which conflict the trial court has resolved in respondent's favor. It cannot be doubted, however, that there is substantial evidence, a part of which has already been referred to, in support of the trial court's findings and judgment. Under such circumstances it is well established that a reviewing court will not interfere with the decision. The above rule here finds application both in respect to the finding that no relation *in loco parentis* existed between the parties, and to the trial court's further finding that there was an express contract under which the defendants became indebted to the plaintiff in the sum of $1,000. There is no rule of law which would or should prevent such recovery.

The judgment is affirmed.

White, J., concurred.